GEISENBERGER v. PROGRESS, KNITTING MILLS ET AL.

[74 South. 331, Division A.]

EXECUTORS AND ADMINISTRATORS.  *Probate of claims.  Statutes.*

Under Code 1906, section 2103, providing for a notice to creditors giving them one year to probate and register their claims against the estate of a decedent and section 2116 providing that, if an estate is declared insolvent after publication of notice to creditors, another publication shall not be necessary, but if declared insolvent before publication is made, the court shall order publication requiring creditors to present their claims within six months; when publication has been made under section 2103 it is not left to the discretion of the court to make a second publication shortening the time allowed by the first publication. The statute only contemplates the giving of the six months' notice by publication as provided by section 2116, in the first instance, when no other or different publication has been made.

APPEAL from the chancery court of Adams county. HON. R. W. CUTRER, Chancellor.

Proceeding for the allowance of the claims of the Progress Knitting Mills and another against the estate of Benjamin B. Dreyfus, deceased.  From a decree allowing the claim, Sam Geisenberger, administrator, appeals.

The facts are fully stated in the opinion of the court.

*E. B. Brown,* for appellant.

If the chancellor did not have the power to order on Dec. 28, 1915, in the insolvency decree that administrator notify creditors to probate their claims within six months and after lapse of the six months to cause creditors to be notified to file their claims with the clerk by August 5, 1915, for examination and adjudication by court, then the decree of court on August 10, 1915, allowing claims of great majority of creditors and ordering distribution to them was made without authority and is void. Not having filed with the clerk by August 5, 1915, property itemized and sworn to accounts for probate and registration, appellees were without right later to have accounts properly itemized and verified, allowed and probated. The law is plain the claim relied upon must be filed with the clerk by date mentioned in the notice.

In *Green* v. *Neal,* 61 Miss. 204, CAMPBELL, C. J., in delivering the opinion of the court said, "Under section 2059 of the Code of 1880, a claim against an insolvent estate, not filed with the clerk of the court as required is not to be embraced in the list of claims allowed. The effect of the requirement to file the claim with the clerk was to restore the rule declared in *Hansell* v. *Forbes,* 33 Miss. 42. Registration is a sufficient presentation of a claim to the executor, administrator or collector, but when an estate is declared insolvent, and notice is published of a day for creditors to attend, their claims, although registered, must be filed with the clerk by the day named in the notice, so that the examination into the validity of each claim contemplated by the statute may be made." It seems plain the chancellor erred in this decree of Sept. 20, 1915, is allowing and admitting to probate the itemized claims of appellees that were never filed with the clerk by August 5, 1915, the date fixed for all claims to be filed for examination and. adjudication of right to share in distribution of assets of the insolvent estate.

*R. H. & J. H. Thompson* and *Fulton Thompson,* for appellees.

It is perfectly apparent from the pertinent Code provisions that our statutes do not contemplate two publications for creditors to probate their claims against the estate of a decedent. Code 1906 section 2103, is the general statute relating to notices to creditors to probate claims. Section 2116 relates to notices to creditors of estates declared insolvent before the publication of a notice under section 2103. Section 2116, authorized a publication requiring the probation of claims within six months only where no previous publication had been made under section 2103. Section 2116 contemplates that if notice had been under section 2103, no other notice whatever should be given where the estate was thereafter declared insolvent. There is no provision whatever for two separate publications. The publication requiring claims to be probated within six months was never intended to conflict in any way with the one year allowed for probating claims upon notice given under section 2103.

Notice requiring probation of claims within six months is wholly irregular and void, where a preceding notice had been published requiring the probation of claims within one year. The appellees in this case had a right to probate their claims within one year from the first publication of the notice given under section 2103. The time cannot be shortened by the court or by any subsequent publication made under section 2116.

It is true that the claims of the appellees were irregularly probated when first presented for that purpose, but the year allowed within which to probate them had not expired when they presented them in proper form to the clerk for a valid and legal probation, allowance and registration. The clerk having declined to probate, allow and register the claims after their perfection for that purpose, was subject to the orders of the chancellor, and the chancellor, upon consideration of the agreed statement of facts presented to him, correctly caused the claims, .

properly prepared and sworn to for that purpose, to be allowed, registered and probated and properly directed the administrator to treat the appellees as creditors of the estate, no objections being made to the form of the accounts, as made out for probation and as allowed by the chancellor, except that they had previously been irregularly probated, allowed and registered.

We respectfully submit that no error was committed by the chancellor or the court below in ordering the claims probated, allowed and registered anew. The previous erroneous probation did not deprive the appellee of the right to have their claims put in proper shape for probation, allowance and registration.

SYKES, J., delivered the opinion of the court.

The appellant, as administrator of the estate of Benj. B. Dreyfus, prosecutes this appeal from a decree of the chancery court of Adams county allowing the claims of the Progress Knitting Mills and R. S. Stearn Company to be admitted to probate and allowed. The agreed statement of facts in the case, in brief, shows the appointment of appellant as administrator on November 30, 1914; that shortly after he qualified as administrator he made publication under section 2103 of the Code of 1906 to creditors to probate and register their claims within one year. On or about December 28, 1914, or about one month after his appointment as administrator, upon his application to the chancellor, the administrator obtained a decree adjudging the estate insolvent and directing the administrator to give notice to creditors by publication to present their claims within six months and have them probated and registered, as is provided in section 2116. The appellees undertook to probate their claims, and they were both allowed by the clerk of the court and duly registered. After the expiration of the six months allowed in the second publication relating to insolvent estates, and before the expiration of the twelve months allowed creditors in which to probate their claims under section 2103, and

under the first publication to creditors made in the administration of this estate the chancery court caused notice to be published under section 2117 of the Code fixing a time and place for taking up and examining the claims. At this meeting the claims of these two appellees upon objection were disallowed, because they were not properly itemized. After this meeting, and before the expiration of the twelve months allowed creditors under the first notice under section 2103, these creditors had their claims properly itemized, and presented them a second time to the clerk of this court to be allowed and registered. The clerk declined to do so. Appellees then made application to the chancellor for an order directing the clerk to probate, allow, and register the claims. After a hearing the chancellor granted the application and entered a decree in accordance therewith.

The question presented to us for determination is whether or not after publication has been made under section 2103 of the Code of 1906, in which one year is given creditors to probate and register their claims against the estate of a decedent, a chancery court can then order a second publication where the estate is insolvent, under section 2116 of the Code, and by so doing thereby shorten the period of one year already given creditors within which to probate and register their claims. This question has not been heretofore determined by this court. The first part of section 2116 states that:

"If an estate be declared insolvent after the executor or administrator has made publication to the creditors to present their claims and have them probated and registered, another publication to present claims shall not be necessary."

In this case this publication had already been made under section 2103 before the estate was declared to be insolvent. Therefore it was not necessary for a second publication to be made. When, however, no publication to creditors has been made in the first instance, and the

estate be declared insolvent before any publication, then the six months' notice may be given under the second part of this section (2116), which reads as follows:

"But if an estate be declared insolvent before the executor or administrator has made such publication, the court shall order the executor or administrator to make publication, requiring the creditors to present their claims within six months, and have them probated and registered; and any creditor who shall not register his claim by the day stated in the publication, shall be forever barred."

It is not left to the discretion of the court to make this second publication shortening the time allowed in a first publication. The statute only contemplates the giving of the six months' notice by publication in the first instance, when no other or different publication has been made. It therefore follows that the second publication in this case is not provided for under section 2116, was unnecessary, and can in no way affect the time allowed for probating and registering these claims.

The decree of the lower court will be affirmed.

*Affirmed.*